UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re: CASE NO. 18-16248-MAM

CHANCE & ANTHEM, LLC, Chapter 7

Debtor.
_________________________________________/

ROBERT C. FURR, not individually but as Chapter 7 Trustee of the estate of the Debtor, Chance & Anthem, LLC, ADV. NO. 19-01298-MAM

Plaintiff,

v.

JEFFREY M. SISKIND, et al.,

Defendants.
_________________________________________/

**NOTICE OF APPEAL**

NOW COMES Defendants Tanya Siskind, the Second Siskind Family Trust, CannaMED Pharmaceuticals, LLC, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and Credit Unions, Inc. and Sympatico Equine Rescue, Inc., and appeal under 28 U.S.C. SS 158(a) or (b) from the judgment, order or decree of the bankruptcy judge entered on November 22, 2019 at Docket Entry No. 141 denying reconsideration of the disqualification of said Defendants' counsel.

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorney are as follows: Tanya Siskind, the Second Siskind Family Trust, CannaMED Pharmaceuticals, LLC, Siskind Legal Services, LLC, Sovereign Gaming & Entertainment, LLC, Florida's Association of Community Banks and

Credit Unions, Inc. and Sympatico Equine Rescue, Inc., each of which are represented by Jeffrey M. Siskind, Esquire, 3465 Santa Barbara Drive, Wellington, FL 33414; phone # 561-352-9166.

Dated this 9th day of December, 2019.

**S I S K I N D L E G A L, P L L C**

_______*/s/ Jeffrey M. Siskind*_______
Jeffrey M. Siskind, Esq. FBN 138746

\- Offices -
113 N. Monroe Street, 1st Floor
Tallassee, Florida 32301
\- And -
3465 Santa Barbara Drive
Wellington, Florida 33414

TELEPHONE (561) 791-9565
FACSIMILE (561) 791-9581
Email: jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on October 20, 2019 upon all creditors and parties in interest registered to receive electronic notification on this case via the Court's Case Management/Electronic Case Filing System and/or U.S. Mail or Personal Service of Process as reflected on the Service List below.

_______*/s/ Jeffrey M. Siskind*_______
Jeffrey M. Siskind, Esq. FBN 138746

SERVICE LIST:

Samantha T Haimo on behalf of Defendant Wellington 3445, LP
sth@womenatlawfl.com, way@swlawyers.law

Jeffrey M Siskind on behalf of Defendant CannaMed Pharmaceuticals, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Florida's Association of Community Banks and Credit Unions, Incorporated
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant OB Real Estate Holdings 1732, LLC
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Siskind Legal Services
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Sympatico Equine Rescue, Inc.
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Jeffrey M Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jeffrey M Siskind on behalf of Defendant Tanya Siskind
jeffsiskind@msn.com, jmsesq500@gmail.com

Jesus M Suarez on behalf of Plaintiff Robert C Furr
jsuarez@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com

Frank Zokaites, frank@zokaites.com

Robert Gibson, intelexigent@gmail.com




**ORDERED in the Southern District of Florida on November 22, 2019.**

**Mindy A. Mora, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re: Case No.: 18-16248-MAM

Chance & Anthem, LLC,
Debtor. Chapter 7
_________________________________/

Robert C. Furr,
Plaintiff. Adv. Proc. No. 19-1298-MAM

v.

Jeffrey M. Siskind; Siskind Legal Services; Tanya Siskind; Second Siskind Family Trust; Frank R. Zokaites; CannaMed Pharmaceuticals, LLC; OB Real Estate Holdings 1732, LLC; Sovereign Gaming and Entertainment, LLC; Florida's Association of Community Banks and Credit Unions, Inc.; Sympatico Equine Rescue, Inc.; Wellington 3445, LP; Zokaites Properties, LP; and Robert Gibson,
Defendants.
_________________________________/

**ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 102)**

**THIS MATTER** came before the Court upon the *Motion to Reconsider Order Disqualifying Jeffrey Siskind as Counsel* (ECF No. 102) (the "Motion") filed by Jeffrey M. Siskind ("Movant"). In the Motion, Movant seeks reconsideration of the *Order Granting Plaintiff's Amended Motion to Disqualify Jeffrey Siskind as Counsel to Adversary Defendants* (ECF No. 92) (the "Order").

In the Motion, Movant states he (Movant) filed a motion to withdraw from representation of the Debtor in the underlying bankruptcy case, Case No. 18-16248. *See* ECF No. 205 (the "Motion to Withdraw").[1] In this Adversary Proceeding (Adv. Proc. No. 19-1298), Movant previously filed, amended, and withdrew a response (ECF No. 63) (the "Response") to plaintiff Robert Furr's amended motion to disqualify (ECF No. 52).[2]

The crux of Movant's argument in the Motion is that because bankruptcy requires extensive disclosure, there is no potential conflict in Movant's proposed representation of the Related Parties (as such are defined in the Motion). Specifically, Movant contends that the transparent nature of the bankruptcy process renders application of Florida Rules of Professional Conduct 4-1.7 and 4-1.9 inapplicable to

[1] On October 22, 2019, Movant represented on the record at a hearing on related matters that he would withdraw the Motion to Withdraw but, as of the date of entry of this Order, has not done so.

[2] *See* ECF No. 64 (Notice of Withdrawal of the Response). Movant also filed a notice of withdrawal of the Disqualification Motion at ECF No. 101 (the "Defective Notice"). However, a CM/ECF filer may not withdraw a document filed by another person. Accordingly, the Court placed an entry on the docket reflecting that the Court took no action upon the Defective Notice.

the present case or, perhaps more properly stated, that such rules are moot in the context of Movant's proposed representation of the Related Parties. The Court disagrees.

Federal Rule of Civil Procedure 60(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 9024, sets out the grounds upon which a court may grant relief from or reconsideration of a judgment or order. Those grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60; *see also* Fed. R. Bankr. P. 9024 (incorporating Rule 60).

In the Motion, Movant fails to identify any reason why, pursuant to Rule 60(b), the Court should reconsider entry of the Order. As a result, the Court concludes that the Motion should be denied because it fails to enunciate and argue the appropriate standard for reconsideration of a court order. To eliminate any doubt as to the potential merits of Movant's arguments, however, the Court will analyze the Motion as if it were properly plead pursuant to Rule 60(b).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen*

*USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted). Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. *Id.* at 1369. Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985); *see also Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698-99 (M.D. Ala. 1995) (describing discretion of court to weigh potential for manifest injustice).

In the present instance, Movant has not alleged either an intervening change in controlling law or the availability of new evidence. In addition, Movant does not articulate nor does the Court find that the circumstances surrounding entry of the Order constitute clear error or result in manifest injustice. Instead, the Motion merely repeats factual statements and legal contentions that were either (i) previously asserted in the Response or (ii) available to Movant at the time of filing the Response. Because a motion for reconsideration should not be used "as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made," the Court is persuaded that reconsideration of the

Order is not appropriate. *Burger King,* 181 F.Supp.2d at 1369 (internal citation omitted).

Accordingly, the Court, having considered the Motion, having reviewed the full record of (i) this Adversary Proceeding, (ii) the underlying bankruptcy case, and (iii) all related Adversary Proceedings, and being otherwise fully informed in the premises, hereby **ORDERS AND ADJUDGES** that the Motion is **DENIED**.

**###**

Copies furnished to:

Jeffrey M. Siskind, Esq.

Siskind is directed to serve this order upon all interested parties and file a conforming certificate of service.